## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

In Re:  William Richard Sutterfield,  and
       Elsie Cam Sutterfield                                             Case No. 15-62172
                                      Debtors                            Chapter 13
-------------------------------------------------------------------

William Richard Sutterfield,  and
Elsie Cam Sutterfield                    Plaintiffs,                  Adversary No.
                v.

MWP Supply, Inc.
                                        Defendant.
-------------------------------------------------------------------

## COMPLAINT TO AVOID JUDICIAL LIENS
### Pursuant to 11 U.S.C. §522(f)(1)(A)

Now come William Richard Sutterfield, and Elsie Cam Sutterfield ("Plaintiffs"), through the undersigned counsel, Melvin Burruss, Esq. under 11 U.S.C. § 522(f) and Federal Rules of Bankruptcy Procedure 4003(f) and 9014, to request this court enter an order to avoid the judicial lien held by Defendant MWP Supply, Inc. ("Defendant") on real property owned by Plaintiffs in Madison County at 2687 Jacks Shop Road, Rochelle, Virginia 22738 ("Property").  See Deed attached hereto as Exhibit A and by this reference is as if fully set forth.  To support this Complaint, the Plaintiffs states:

     1.     This Court has jurisdiction in this matter under 28 U.S.C. § 1334(a).  This matter is a core proceeding as provided by 28 U.S.C. Section 157(b)(2)(K) and is related to the above-captioned Chapter 13 case.

     2.     On November 11, 2015, Plaintiffs filed a voluntary petition under chapter 13 of the Bankruptcy Code.

     3.     Plaintiffs are entitled to an exemption in the Property for $9,248.56 under Va. Code Ann. §34-4.  See Schedule C – Property Claimed Exempt – Amended of Plaintiffs' petition attached hereto as Exhibit B and by this reference is incorporated as if fully set forth.

     4.     Madison County Tax Assessment valued Plaintiffs' Property at $266,700.00.  The Property, when the Chapter 13 petition was filed, had a secured claim of $232,376.00. See Schedule A –Real Property and Schedule D – Creditors Holding Secured Claims attached hereto as Exhibit C and by this reference is incorporated as if fully set forth.

     5.     To avoid liens which impair the debtor's exemptions under Section 522, the value of the property is established as of the filing date of the petition.  *In re Tarrant*, 19 B.R. 360 (Bankr. D.Alaska 1982).

      6.      Prior to Plaintiffs filing their Chapter 13 petition, Defendant had obtained a Final Judgment Order against them for $73,142.00.  Defendant was listed in the Chapter 13 proceeding on Schedule D - Creditors Holding Secured Claims and attached hereto as Exhibit D and by this reference is incorporated as if fully set forth.

      7.      11 U.S.C. § 522(f)(2)(A) of the Bankruptcy Code provides that "a lien shall be considered to impair an exemption to the extent that the sum of -- (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." *Owen v. Owen*, 500 U.S. 305, 311 (1991); In re Hanger, 217B.R. 592 (Bankr. 9th Cir. 1997).

      8.      The following is the formula set forth in 11 U.S.C. § 522(f)(2)(A) for determining whether a lien impairs an exemption:

| | |
|---|---|
| Adds the lien being requested to be avoided: | $ 73,142.00 |
| Adds other liens - Mortgage: | $232,376.00 |
| Adds the maximum exemption allowable in the absence of liens: | $   9,248.56 |
| Total | $314,766.56 |
| Subtract the value of the Property with no lien: | $266,700.00 |
| To determine the extent of the impairment: | $ 48,066.56 |

      9.      Since the extent of the impairment on the exemption, $48,066.56, is less than the entire value of the lien, $73,142.00, Defendant's lien can be avoided only for the impairment of the exemption, $48,066.56, and the balance $25,075.44 remains as a lien.

**WHEREFORE**, Plaintiff respectfully requests this Court enter an Order avoiding the judgment lien held by MWP Supply, Inc. on the Property for the $48,066.56, and granting such other relief as is fair and equitable.

Dated: January 8, 2016

                                                              Respectfully submitted,

                                                              WILLIAM RICHARD SUTTERFIELD,
                                                              AND ELSIE CAM SUTTERFIELD

                                                              By Counsel
                                                               /s/ Melvin Burruss

Melvin Burruss, VSB No. 86677
MILLER LAW GROUP, P.C.
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
Phone (434) 974-9776
Fax    (434)974-6773
melvin@millelawgrouppc.com

## SERVICE LIST:

MWP Supply, Inc.
322 Washington St
Madison, VA 22727

J. Thomas Province, Esq.
Counsel for MWP Supply, Inc.
111 N Main St
Madison, VA 22727